UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

       -against-                              NOTICE OF MOTION
                                              07 CR 1038(KMK)
ANTOINE ANDRE JACKSON,
            Defendant.
------------------------------x

S I R S :

    PLEASE TAKE NOTICE, that upon the annexed affirmation of Paul P. Rinaldo, Esq., attorney for the defendant herein, the annexed affidavit of Antoine Andre Jackson, defendant, and all the papers and proceedings heretofore had herein, the undersigned attorney will move this Court on behalf of the defendant on a date and time convenient to the Court, at the United States Courthouse, 300 Quarropas Street, White Plains, New York, Judge Kenneth M. Karas presiding, for the following relief:

    1.   An order pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure suppressing post-arrest statements made by the defendant to law enforcement officers or, in the alternative, an order directing that a pre-trial evidentiary hearing be held to determine whether the alleged statements were garnered by law enforcement authorities in violation of the defendant's several rights under the Fourth, Fifth and Sixth Amendments to the United States Constitution and 18 U.S.C. 3501.

      2.   An order for such other and further relief as the Court deems just and proper.

Dated: March 26, 2008
       Forest Hills, NY

Yours, etc.

*/s/ Paul P. Rinaldo*

To:  Honorable Kenneth M. Karas
     United States District Judge

     Richard C. Tarlowe
     Assistant U.S. Attorney

Paul P. Rinaldo
Attorney for Defendant
108-18 Queens Boulevard
Forest Hills, NY 11375
718-520-8722

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

                                          ATTORNEY'S AFFIRMATION
         -against-                        IN SUPPORT OF MOTION TO
                                          SUPPRESS STATEMENTS
                                          07 CR 1038(KMK)
ANTOINE ANDRE JACKSON,
              Defendant.
------------------------------x
```

PAUL P. RINALDO, ESQ., deposes and says under the penalty of perjury:

1. I am an attorney duly admitted to practice in the United States District Court for the Southern District of New York. I represent the defendant in the instant criminal proceeding pursuant to an assignment under the Criminal Justice Act. I am familiar with the facts and circumstances surrounding this prosecution.

2. This affirmation is respectfully submitted in support of the defendant's motion herein. Portions of this affirmation are made upon information and belief based on conversations with the defendant, examination of the complaint and indictment filed in the Southern District of New York, a review of Rule 16 discovery, and additional specified sources.

3. The defendant is charged in a single count indictment with violating Title 18, United States Code, Sections 992(g)(1),

111(a)(1), and 876, alleging that the defendant possessed a weapon after having been convicted of a felony.

### FACTUAL BACKGROUND

4. At approximately 6:00 p.m. on October 23, 2007, Newburgh City Court Judge Peter Kulkin issued a search warrant for the premises located at 260 First Street, Newburgh, New York which also authorized the search of the person of the defendant, Antoine A. Jackson. At approximately 6:10 p.m. that same evening, the defendant was arrested by City of Newburgh Police Officers while walking on the sidewalk in the vicinity of 260 First Street. He was taken into custody and brought to the Newburgh Police Department. It should be pointed out here that it is unclear to the defense the exact time that the search warrant was executed and when property was seized.

2. At 7:01 p.m., after the defendant was given his Miranda warnings by Newburgh Detective Jason Albrechtsen, he waived his Miranda rights and made a statement to Det. Albrechtsen. A copy of the Miranda waiver and the statement made to Det. Albrechtsen are annexed hereto as Exhibit "A". This statement is not the subject of this motion.

3.  Sometime later that evening, the defendant believes the time to be approximately 8:30 p.m., the defendant was questioned again by Newburgh detectives. This questioning was conducted by Detectives Weaver and Loscerbo. A copy of the statements made to these detectives is annexed hereto as Exhibit "B". It is these post arrest statements that the defendant seeks to suppress.

4.  The defendant was later arraigned on a charge of Criminal Possession of a Weapon in the Fourth Degree, a misdemeanor, in Newburgh City Court and was released in his own recognizance on October 26, 2007. On November 2, 2007, the defendant was arrested on a Federal Complaint and Warrant in the instant matter.

## MOTION TO SUPPRESS STATEMENTS

5.  The defendant states in his affidavit, annexed hereto as Exhibit "C", that he specifically advised Detectives Weaver and Loscerbo that he wanted an attorney and did not wish to continue the interrogation begun by Det. Albrechtsen, which had ended over an hour earlier. The defendant was not read his Miranda rights again nor did he waive his rights either orally or in writing as he had done earlier when questioned by Det. Albrechtsen. In spite of the defendant having specifically invoked his right to counsel,

Detectives Weaver and Loscerbo continued their questioning of the defendant and elicited additional statements from him.

6. It is axiomatic that once a suspect invokes his right to counsel the interrogation must end. "If the individual states that he wants an attorney, the interrogation must cease until an attorney is present." Miranda v. Arizona, 384 U.S. 436(1966) at 474. In this case, according to the affidavit submitted by Mr. Jackson, he was questioned by Detectives Weaver and Loscerbo after having stated that he wanted an attorney.

## CONCLUSION

7. Based on the foregoing, the Court should suppress the statements made to Weaver and Loscerbo, or in the alternative, order that an evidentiary hearing be conducted.

WHEREFORE, your affiant respectfully requests this Court grant the relief requested in the within motion and such other and further relief as the Court deems just and proper.

_____
PAUL P. RINALDO, ESQ.

Dated: March 26, 2008
       Forest Hills, NY

EXHIBIT "A"

# MIRANDA

Complaint No _____

Date/Time 10-23-07 @ 7:01 PM

Miranda Read By  P.O. Jason Aubrecht(?)     Witness _____
                         *Print Name*                             *Print Name*

                         [signature]
                         *Sign Name*                              *Sign Name*

## MIRANDA WARNING

1. You have the right to remain silent and to refuse to answer questions
   Do you understand? YES

2. Anything you say may be used against you in a court of law.
   Do you understand? YES

3. You have the right to speak to an attorney and have him present during any questioning.
   Do you understand? YES

4. If you cannot afford an attorney, one will be provided for you without cost.
   Do you understand? YES

5. Having these rights in mind do you wish to talk to us? YES

## DWI WARNING

Additional warnings to be given to defendants charged with operating a motor vehicle while under the influence of alcohol or drugs.

1. You are under arrest for driving while intoxicated.

2. A refusal to submit to a chemical test or any portion thereof will result in the immediate suspension and subsequent revocation of your license or operating privilege whether or not you are convicted of the charge for which you were arrested.

3. If you refuse to submit to a chemical test or any portion thereof your refusal can be introduced into evidence against you at any trial, proceeding or hearing resulting from this arrest.

4. Will you submit to a chemical test of your (breath/blood/urine) for alcohol ? OR
   Will you submit to a chemical analysis of your blood/urine for drugs? N/A

DEFENDANT  Antoine Jackson
                 *Print Name*

                 [signature]
                 *Sign Name*

POLICE DEPARTMENT
CITY OF NEWBURGH
55 BROADWAY
NEWBURGH, N.Y. 12550-5698

mir998

12

CITY COURT : CITY OF NEWBURGH

COUNTY OF ORANGE : STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

- against -

JACKSON, ANTOINE      (04/04/77 ) DOB
Defendant

COMPLAINT # LCN071023036021

NOTICE OF INTENT TO USE
CONFESSIONS OR ADMISSIONS

710.30 (1)(a) NOTICE

PLEASE TAKE NOTICE that upon the trial of the above entitled matter the District Attorney of Orange County intends to offer into evidence certain oral confessions and/or admissions made by the defendant to DET. ALBRECHTSEN on the 23rd day of April, 2007 at 55 Broadway.

The above named defendant stated,

"I know there was a shotgun in the closet. The shells were in the dresser. It belongs to someone else and it is there so my wife can protect herslef when I am not there. She has had a problem in the past."

13

Dated: Newburgh, NY

October 23, 2007

FRANCIS D. PHILLIPS, II
District Attorney of Orange County
County Government Center
Goshen, NY 10924

☐ 710.30 Notice Served on Defendant

Date: _____

_____     _____
Officer                                    Defendant

POLICE DEPARTMENT
CITY OF NEWBURGH
55 BROADWAY
NEWBURGH, N.Y. 12550-5698

710.30conf 030500

EXHIBIT "B"

| CITY COURT : CITY OF NEWBURGH | COMPLAINT # *LCN*071023036021 |
|---|---|
| COUNTY OF ORANGE : STATE OF NEW YORK | |

THE PEOPLE OF THE STATE OF NEW YORK

- against -

NOTICE OF INTENT TO USE
CONFESSIONS OR ADMISSIONS

ANTOINE JACKSON          (04/04/77 )DOB
                        Defendant

710.30 (1)(a) NOTICE

PLEASE TAKE NOTICE that upon the trial of the above entitled matter the District Attorney of Orange County intends to offer into evidence certain oral confessions and/or admissions made by the defendant to DET WEAVER AND DET. LOSCERBO on the 23rd day of October, 2007 at 55 Broadway.

The above named defendant stated,

-- My friend came and gave me the shotgun to hold because Paradise came in my house when I was not home and smacked my wife around. Paradise also had a gun. I got the gun from my friend as protection. He also stated that he was not even sure that the shot gun was in the closet anymore but it was unloaded.

-- When I told him that there was shotgun shells all over his room he responded that the only place there were shot gun shells was in his dresser. I then told him that a shell was also found in a gym bag in the room. He said that that must have been when he had a problem with his wife and he left with his stuff it must have been from then.

14

Dated: Newburgh, NY

October 23, 2007

FRANCIS D. PHILLIPS, II
District Attorney of Orange County
County Government Center
Goshen, NY  10924

☐ 710.30 Notice Served on Defendant

Date:

_____     _____
Officer                        Defendant

POLICE DEPARTMENT
CITY OF NEWBURGH
55 BROADWAY
NEWBURGH, N.Y. 12550-5698

710.30conf 030500

EXHIBIT "C"

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
UNITED STATES OF AMERICA,

                                               AFFIDAVIT
     -against-                                 07 CR 1038(KMK)

ANTOINE ANDRE JACKSON,
              Defendant.
-------------------------------x
STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF WESTCHESTER)
```

ANTOINE A. JACKSON, being duly sworn, deposes and says:

1. I am the defendant in the above case and submit this affidavit in support of my pretrial motion.

2. On October 23, 2007, at approximately 6:10 p.m., I was arrested by City of Newburgh police officers and taken to the Newburgh Police Department. While I was in custody, at about 7:00 p.m., I was approached by Det. Jason Albrecthsen who advised me of my rights. I understood my Miranda rights and agreed to speak to Det. Albrechtsen. I spoke to the detective for no more than 15 minutes.

3. Over one hour later, at approximately 8:30 p.m., I was approached by two other detectives who began to question me again. They did not advise me of my rights this time and I told those detectives that I did not wish to speak to them unless I had an attorney present. No attorney was provided.

4. The detectives continued to question me even after I told them that I wanted to speak to an attorney.

I respectfully request that the Court grant the motions requested by my attorney.

_____
ANTOINE A. JACKSON

Sworn to before me on
this 26th day of March, 2008

PAUL P. RINALDO
NOTARY PUBLIC, State of New York
No. 02RI4641729
Qualified in Westchester County
Commission Expires Dec. 31, 20 10